UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNDA C. PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:07-CV-1989-B |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (doc. 5). For the foregoing reasons, the Court GRANTS Defendant's Motion.

Under Federal Rule of Civil Procedure 12(b)(1), a party may assert that a court lacks subject-matter jurisdiction. In relevant part, the Federal Torts Claims Act (FTCA) conditions federal court subject matter jurisdiction on compliance with 28 U.S.C. § 2675(a). *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). Section 2675(a) mandates that for actions against the United States, a claimant must, *inter alia*, present the claim to the "appropriate Federal agency and his claim shall have been finally denied by the agency in writing ... within six months after [the claim] is filed ... ." 28 U.S.C. § 2765(a).

Here, Defendant moves to dismiss because the Court lacks subject matter jurisdiction. In her Complaint, Plaintiff has not alleged that she has made any claim to the U.S. Postal Service or that the U.S. Postal Service has denied her claim in writing. Plaintiff has not even filed any response to Defendant's Motion. Additionally, Defendant presents uncontested evidence that Plaintiff has not exhausted her administrative remedies by first bringing this claim to the Customer Service and Tort

Claims Representative for the U.S. Postal Service in Dallas. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (permitting court to resolve factual disputes to determine subject matter jurisdiction). Accordingly, the Court dismisses Plaintiff's claim without prejudice.

**SO ORDERED.**

**SIGNED January 8, 2008**

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**